**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND**
(Greenbelt Division)

| | | |
|---|---|---|
| RAUL MOLINA ROMAN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 8:12-cv-02821-DKC |
| | ) | |
| GUAPOS III, INC., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS HECTOR RINCON'S, HECTOR RINCON, JR.'S, GUAPO'S
BETHESDA, INC.'S, GUAPO'S RESTAURANT, INC.'S, GUAPO'S OF FAIR LAKES,
INC'S, AND GUAPOS OF VIRGINIA, INC.'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS**

**I.     INTRODUCTION**

Defendants' Motion to Dismiss should be granted because Plaintiffs have no standing to sue Hector Rincon, Hector Rincon, Jr., Guapo's Bethesda, Inc., Guapo's Restaurant, Inc., Guapo's of Fair Lakes, Inc., and Guapos of Virginia, Inc. (the "Movants").  Plaintiffs have never worked for these Defendants, so they make conclusory allegations without allegations of fact to attempt to broaden the scope of their lawsuit.  But, they cannot establish valid subject-matter jurisdiction over the Movants, and the Second Amended Complaint fails to state a claim against them upon which relief can be granted.

On October 10, 2012, Plaintiffs Raul Molina Roman ("Roman") and Jesus Adrian Lopez ("Lopez") filed their First Amended Complaint alleging that Defendants Fidel Rincon and Guapos III, Inc. ("Guapos III"), and the Movants are jointly liable to them for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act ("FLSA" or "the Act"), 29 U.S.C. § 201, *et seq.*, and the Maryland Wage and Hour Law ("MWHL"), Maryland Code Annotated,

Labor and Employment Article §§ 3-401 *et seq.* The Movants filed a Motion for Judgment on the Pleadings, and in response, Plaintiffs sought leave to file a Second Amended Complaint, which leave, by Stipulated Order, the Court granted. (Doc. 24.) The Movants reserved their rights to file a motion under Rules 12 and 15 in response to the Second Amended Complaint. In their Second Amended Complaint, Plaintiffs Roman, Lopez and Noel Antonio Ventura ("Ventura") (collectively, the "Plaintiffs") allege that Guapos III, which operated the restaurant at which they worked, and its manager Fidel Rincon failed to provide to them minimum wages and overtime pay as required under the FLSA and minimum wages as required under the MWHL. Plaintiffs attempt to impose liability on the Movants for the same wage-and-hour violations through inadequate, bare-bones, conclusory allegations.

Plaintiffs' allegations against the Movants are insufficient to establish standing and subject-matter jurisdiction, and similarly insufficient to state FLSA and MWHL claims under the standards adopted by the Supreme Court and followed by the Fourth Circuit. Applicable case law requires that, to satisfy the pleading standards in a case alleging joint employment, an FLSA plaintiff must plead specific facts to establish that the alleged joint-employer had a direct, active role in supervising the plaintiffs, hiring or firing them, controlling their work schedules, determining their pay rates and method of wage payment, and/or maintaining their employment records. Instead, with respect to the Movants and the joint-employment allegations, the Second Amended Complaint contains only unsupported legal conclusions couched as factual allegations and conclusory allegations devoid of any reference to actual events. The Second Amended Complaint contains absolutely no factual allegations of actual events that specifically relate or attribute any of the requisite management functions to the Movants. Plaintiffs' attempt to bootstrap the Movants into this case by making specific allegations as to Guapos III's

employment of Plaintiffs and then applying the term "Defendants" to Guapos III and <u>the Movants</u> altogether fails to comply with the controlling case law's proscription against such conclusory allegations regarding joint-employment.  Therefore, Plaintiffs do not have standing as to the Movants, which precludes any establishment of subject-matter jurisdiction, and the Movants should be dismissed with prejudice from this action.

## II.    STATEMENT OF FACTS

Guapos III is a corporation formed under the laws of the State of Maryland with its principal place of business in Gaithersburg, Maryland.  (Sec. Am. Compl. ¶ 5.)  Guapos III has been engaged in operating the Guapo's restaurant located in Gaithersburg, Maryland.  (*Id.*)  Roman and Lopez were employed as waiters at Guapos III's restaurant in Gaithersburg, Maryland, for two years and four months, from May 1, 2010, to September 5, 2012, and for less than two months, from June 26, 2012, to August 12, 2012, respectively.  (Sec. Am. Compl. ¶¶ 5, 49-50.)  According to the Second Amended Complaint, Ventura was employed first as a busboy and then as a waiter at Guapos III's restaurant during two periods of time beginning on or about June 2, 2008, to the present.  (Sec. Am. Compl. ¶¶ 5, 51.)

Plaintiffs have alleged that, at all times during Plaintiffs' employment, Fidel Rincon was the manager of Guapos III, and Fidel Rincon had the power to hire, fire, suspend and otherwise discipline Plaintiffs.  (Sec. Am. Compl. ¶ 12(a).)  Plaintiffs also have alleged that, at all times during Roman's, Lopez's, and Ventura's employment, "Fidel Rincon supervised the work duties of Plaintiffs," "set and controlled the work schedule of Plaintiffs," "set and determined the rate and method of pay of Plaintiffs," and "controlled, and was in charge of, the day-to-day operations of Defendants' Guapos Restaurant employed at [Guapos III]."  (Sec. Am. Compl. ¶ 12.)

"On information and belief," Plaintiffs also have alleged that "Hector Rincon, Sr." and "Hector Rincon, Jr.," "had the power" to hire, fire, suspend, discipline, control the work schedule of, and set the rate and method of pay of Plaintiffs.  (Sec. Am. Compl. ¶¶ 10-11.)  The Second Amended Complaint alleges that "Hector Rincon, Sr." is "[c]entral to the common 'Guapo's' operation," and that he "operates and controls 'Guapo's' as the family patriarch and common substantial owner."  (Sec. Am. Compl. ¶ 16.)  Plaintiffs allege that "Hector Rincon, Sr. is ultimately responsible for business decisions made for all 'Guapo's' restaurants and . . . is assisted with the ongoing day-to-day operations of the several 'Guapo's' restaurants by his family members who act as supervisors, managers, and consultants, including, but not limited to Hector Rincon, Jr. and Fidel Rincon."  (Sec. Am. Compl. ¶ 17.)  According to allegations in the Second Amended Complaint, "Hector Rincon, Sr. and the Rincon family cabal, together, control and otherwise exert total influence over all 'Guapo's' corporate entities . . . ."  (Sec. Am. Compl. ¶ 18.)  "Upon information and belief," Plaintiffs allege that "all 'Guapo's' locations . . . report to a central authority, Hector Rincon, Sr."  (Sec. Am. Compl. ¶ 21.)  Also "upon information and belief," Plaintiffs allege that "Defendants use a common bookkeeper and payroll system."  (Sec. Am. Compl. ¶ 22.)

Plaintiffs' Second Amended Complaint also contains various allegations referring generically to "Defendants" and "Guapo's" and generally alleging various legal conclusions with respect to the "Defendants" and "Guapo's."  (Sec. Am. Compl. ¶¶ 19, 22-26, 40-43, 61, 70-71, 74, 79, 81.)  Plaintiffs have alleged that, "[u]pon information and belief, the Guapos Restaurants share an employment model, . . . [and] have a common policy and practice whereby they failed to provide their tipped employees the appropriate minimum wage and overtime, in violation of state and federal law."  (Sec. Am. Compl. ¶¶ 40-41.)  The Second Amended Complaint also

alleges generally that the "Guapos Restaurants are therefore joint employers of all 'tipped-employees' at the restaurant's locations" and that "Defendants have been at all times material on 'employer' within the meaning of the FLSA." (Sec. Am. Compl. ¶¶ 23, 41.)

### III. LAW AND ARGUMENT

#### A. Plaintiffs' Amended Complaint Against The Movants Should be Dismissed Pursuant to Rules 12(b)(1) and 12(b)(6).

Rule 12(b) of the Federal Rules of Civil Procedure provides that "[a] party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction; . . . (6) Failure to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Since the United States Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 680, (2009), "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Now, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545-46 (internal citations omitted); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Francis*, 588 F.3d at 193. "The plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'

5

It requires the plaintiff to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility of entitlement to relief.'" *Id.*

> The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

*Chavan*, 2010 WL 2651647, at *2 (applying *Iqbal/Twombly* standard and granting motion under Rules 12(h)(2) and 12(c)); *see also Mitchell-Tracey v. United Gen. Title Ins. Co.*, No. WDQ-05-1428, 2010 WL1837723 (D.Md. May 5, 2012) (applying 12(b)(6) standard to 12(c) motion and granting motions for judgment on pleadings and for decertification of class).

Under this standard, the pleaded facts contained in the Second Amended Complaint are entirely insufficient to show that Plaintiffs are entitled to the relief requested from the Movants. The only allegations pled against the Movants are conclusory in nature and without factual allegations to support them. Therefore, the Second Amended Complaint should be dismissed in its entirety as to the Movants.

    **B.**    **Plaintiffs' Allegations Are Insufficient to Establish Standing and Subject-Matter Jurisdiction as to the Movants.**

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Motions to dismiss for lack of subject matter jurisdiction are governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure and challenge a court's authority to hear the matter brought by a complaint." *Stovall v. SunTrust Mortgage, Inc.*, No. RDB-10-2836, 2012 WL 5879132, at *4 (D.Md. Nov. 20, 2012) (pursuant to Rules 12(b)(1), 12(c), and 12(h)(3), dismissing claims for lack of subject-matter jurisdiction due to lack of

standing). "A plaintiff carries the burden of establishing subject matter jurisdiction." *Id.,* citing *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). "[I]f a party lacks standing the court automatically lacks subject matter jurisdiction." *Stovall* 2012 WL 5879132, at *4, citing *Pitt County v. Hotels.com, L.P.*, 553 F.3d 308, 312 (4th Cir. 2009).

Standing doctrine "functions to ensure . . . that the scarce resources of the federal courts are devoted to those disputes in which the parties have a concrete stake." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 191 (2000). To possess constitutional standing, a party must meet three requirements:

> (1) [the party] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*McBurney v. Cuccinelli*, 616 F.3d 393, 410 (4th Cir. 2010), citing *Friends of the Earth, Inc.*, 528 U.S. at 180-81. "In determining the establishment of these three elements of Article III standing, this Court focuses on 'the party asserting the claim and not the issue the party wishes to have adjudicated.'" *Stovall*, 2012 WL 5879132, at *4, quoting *Doe v. Obama*, 670 F.Supp.2d 435, 439 (D.Md. 2009). Accordingly, "[i]nclusion of class allegations does not relieve a plaintiff of the requirement that she allege that she personally has suffered an injury, fairly traceable to the challenged action of the defendants." *Cavallaro v. UMass Mem'l Health Care, Inc.*, No. 09-40152-FDS, 2013 WL 360405, at *3 (D.Mass. Jan. 28, 2013), citing *Warth v. Seldin*, 422 U.S. 490, 502 (1975).

"[A] named plaintiff in [an FLSA] collective action has adequately pleaded standing against a particular defendant only if the plaintiff has alleged an injury that the defendant caused to him." *Lucas v. BMS Enterprises, Inc.*, No. 3:09-CV-2159-D, 2010 WL 2671305, **3-4

(N.D.Tex. July 1, 2010) (granting 12(b)(6) motion in FLSA collective action because "plaintiffs have failed to allege facts that establish that they have standing to sue the Blackmon Mooring defendants, i.e., that they were injured by the conduct of each defendant"); *see also Cavallaro*, 2013 WL 360405, at *7 (granting 12(b)(6) dismissal of defendants other than entity that directly employed plaintiffs because complaint provided no basis for finding employer-employee relationship and therefore plaintiff lacked standing to assert claims against such defendants).

Under these standards, the pleaded facts contained in the Second Amended Complaint are entirely insufficient to show that Plaintiffs' alleged injury is fairly traceable to any action of the Movants and that it is likely, as opposed to merely speculative, that the alleged injury will be redressed by a favorable decision.  Accordingly, Plaintiffs' lack of standing *vis a vis* the Movants causes an automatic lack of subject-matter jurisdiction, and therefore, pursuant to Rule 12(h)(3), this Court must dismiss the action as to the Movants.

    **C.**    **The Second Amended Complaint Fails to Demonstrate The Existence of An Employment Relationship Between Plaintiffs and the Movants.**

Through short, conclusory paragraphs and allegations made only "upon information and belief" – each devoid of facts or alleging facts completely irrelevant to the alleged employment relationship between Plaintiffs and the Movants – Plaintiffs attempt to bootstrap the Movants into the category of employer along with Plaintiffs' actual employer, Guapos III.  (*See* Sec. Am. Compl. ¶¶ 10-11, 24, 40-41, 61, 70-71, 74.)  Specifically, Plaintiffs attempt to establish the elements of joint employment by utilizing wholly general and conclusory allegations, such as "[a]t all times during the period of Plaintiffs' employment, Defendants were the 'employers' of Plaintiffs . . . for the purposes of the FLSA, MWHL."  (Sec. Am. Compl. ¶ 24.)  These allegations are entirely inadequate to comply with the applicable pleading and standing standards.

> *(i). Employment Status Depends on the Exercise of Power to Hire/Fire, Determine Pay Rates and Methods, Supervise Work, Control Work Schedules, and Maintain Records.*

"Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected . . . ." 29 U.S.C. § 216(b). For liability to arise under the FLSA, a person or corporate entity must be an "employer," which section 203(d) of the statute defines as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "[T]he definition of employer in [MWHL] § 3-401 is almost identical to the FLSA's definition." *Watkins v. Brown*, 173 F.Supp.2d 409, 416 (D.Md. 2001). Accordingly, this Court has applied to MWHL claims the standard applicable to determining employer status under the FLSA. *See*, *e.g.*, *Jones v. Way of Hope, Inc.*, No. L-08-1517, 2009 WL 3756843 (D.Md. Nov. 6, 2009) (applying FLSA standard for employer and finding multiple defendants to be plaintiff's employers under MWHL).

Separate entities or persons that share control over employees may, in particular limited circumstances, be deemed joint employers under the FLSA.[1] Applicable Department of Labor regulations state:

---

[1] Plaintiffs' allegations that "Defendants operate together as a 'single enterprise employer'" and that the separate entities or persons "are individually and jointly liable as a single enterprise" are entirely irrelevant to the inquiry of whether the separate entities or persons are joint employers under the FLSA. (See Am. Compl. Preamble at 2; Sec. Am. Compl. ¶¶ 13, 41.) Sections 207 and 216(b) of the Act provide for the imposition of liability on an "employer," not an "enterprise," and in order to include a person or entity as an employer for liability purposes, the statute and case law require the person or entity to have been the plaintiff's employer or any person acting directly or indirectly in the interests of the employer in relation to the employee. 29 U.S.C. § 207(a)(1); 29 U.S.C. § 216(b); 29 U.S.C. § 203(d). Reliance on allegations of "single enterprise" to establish joint employment are entirely insufficient. *See Cavallaro v. UMass Mem'l Health Care, Inc.*, No. 09-40152-FDS, 2013 WL 360405, at *6 (D.Mass. Jan. 28, 2013) ("The finding of an enterprise is relevant only to the issue of coverage. Liability is based on the existence of an employer-employee relationship."), quoting *Cornell v. CF Ctr., LLC*, 410 Fed. Appx. 265, 267 (11th Cir. 2011).

> [I]f the facts establish that the employee is employed jointly by two or more employers, i.e., that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the [FLSA].

29 C.F.R. § 791.2(a).

The joint employment test must "take into account the real economic relationship between the employer who uses and benefits from the services of the worker and the party that hires or assigns the workers to that employer." *See Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 306 (4th Cir. 2006) (internal citations omitted). In determining the nature of this "real economic relationship," the Fourth Circuit has implicitly adopted the tests set forth by the Ninth Circuit in *Bonnette v. Calif. Health & Welfare Agency*, 704 F.2d 1465 (9th Cir. 1983), and also by the Second Circuit in *Zheng v. Liberty Apparel Co., Inc.*, 355 F.3d 61 (2d Cir. 2003). *See Schultz*, 466 F.3d at 306, n.2 ("In some cases it may be useful for a court to consider factors such as those listed in *Bonnette*, 704 F.2d at 1469-70, and *Zheng v. Liberty Apparel Co., Inc.*, 355 F.3d 61, 71-72 (2d Cir. 2003), in determining whether there are joint employers within the meaning of the Act and the regulation."); *see also Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 774 (D.Md. 2008) (acknowledging that, in *Schultz*, Fourth Circuit suggested that district courts may find useful tests derived from other circuits, particularly those joint employment factors set forth by Ninth Circuit in *Bonnette*, and by Second Circuit in *Zheng*, to determine whether joint employment relationship exists within meaning of FLSA).

The *Bonnette* test approved by the Fourth Circuit utilized the following factors to determine if a joint employment relationship exists: (1) whether the alleged employer had the power to hire and/or fire the employees; (2) whether the alleged employer supervised and/or controlled employee work schedules or conditions of employment; (3) whether the alleged

10

employer determined the rate and/or method of payment of employee salaries; and (4) whether the alleged employer maintained employment records. *Bonnette*, 704 F.2d at 1470. *Zheng* ratified the *Bonnette* factors, adding only that the factors were not exclusive and that the Court "is free to consider any . . . factors it deems relevant to its assessment of the economic realities." *Zheng*, 355 F.3d at 69-72.

>     (ii).   Plaintiffs do not Allege That the Movants Exercised the Required Management Functions.

In their Second Amended Complaint, Plaintiffs fail to allege facts sufficient to establish that the Movants are a joint employer, along with Guapos III, with respect to their employment. Indeed, Plaintiffs fail to allege that Guapo's Bethesda, Inc., Guapo's Restaurant, Inc., Guapo's of Fair Lakes, Inc., and Guapos of Virginia, Inc.: (1) had the power to hire and/or fire Plaintiffs; (2) supervised or controlled Plaintiffs' work schedules or other conditions of employment; (3) determined Plaintiffs' rates and/or methods of compensation and/or paid Plaintiffs; or (4) maintained Plaintiffs' employment records. Their failure to do so is fatal to their claims against Defendants Guapo's Bethesda, Inc., Guapo's Restaurant, Inc., Guapo's of Fair Lakes, Inc., and Guapos of Virginia, Inc.

Also fatal to Plaintiffs' claims against "Hector Rincon, Sr.," and "Hector Rincon, Jr.," is Plaintiffs' failure to allege any specific facts regarding joint-employment, as opposed to unsubstantiated allegations regarding Defendants Hector Rincon and Hector Rincon, Jr., which allegations Plaintiffs acknowledge as being made only "upon information and belief." Accordingly, Plaintiffs' mere allegation that "upon information and belief" Hector Rincon and Hector Rincon, Jr. "had the power" to hire, fire, suspend, discipline, control the work schedule and set the rate and method of pay of Plaintiffs is entirely inadequate. (*See* Am. Compl. ¶¶ 10-11.) Plaintiffs allege no specific facts that would establish that Hector Rincon or Hector Rincon,

Jr., actually engaged in any of the employment activities that Plaintiffs, "upon information and belief," have attributed to being within their "power." In the absence of any specific allegations of facts to establish joint-employment, Plaintiffs' allegations that "Hector Rincon, Sr. and the Rincon family cabal" exerted "total influence" over the Movants and other, similar conclusory allegations, all devoid of reference to any actual events relating to Plaintiffs' employment, are entirely insufficient.

Courts have not hesitated to dismiss FLSA complaints containing such anemic, boilerplate and conclusory allegations regarding joint employment status. *See*, *e.g.*, *Cavallaro,* 2013 WL 360405, at **7-8 (granting 12(b)(6) motion as to CEO, human resources officer, and entities related to actual employer of plaintiff because complaint failed to allege facts to satisfy *Bonnette* requirements); *Lucas*, 2010 WL 2671305, at **2-3 (failure to allege facts to establish standing in FLSA collective action required dismissal under Rule 12(b)(6); "single enterprise" allegations insufficient); *Adams v. US Airways, Inc.*, No. 10-1088, 2011 WL 644089 (D. Ariz. Feb. 11, 2011) (granting 12(b)(6) motion because joint-employment not established); *see also Diaz v. Consortium for Worker Educ., Inc.*, No. 01848, 2010 WL 3910280, at **2-4 (S.D.N.Y. Sept. 28, 2010) (internal citations omitted) (dismissing FLSA claims against alleged joint employer because "complaint contains no facts that indicate that [defendant] had any direct role in managing plaintiffs, hiring or firing plaintiffs, determining their working hours, or maintaining [plaintiffs'] employment records"); *Lepkowski v. Telatron Mktg. Group, Inc.*, 766 F. Supp. 2d 572, 574-83, n.3 (W.D. Pa. 2011) (citing *Schultz*, *Twombley*, *Bonnette* and *Zheng*, while holding that "the Amended Complaint fails to plead sufficient factual allegations to satisfy any of the seven joint employment factors analyzed above . . . [c]onsequently, BoA's motion to dismiss

Plaintiffs' FLSA claim on the basis that BoA is not Plaintiffs' 'employer' is granted," and characterizing any amendment to Lepkowski's allegations against BofA as "clearly futile" ).

The *Cavallaro* complaint suffered from the same fatal defects as the Second Amended Complaint in this case. The *Cavallaro* court, relying on *Iqbal* and *Bonnette*, dismissed eight defendants, two individuals and six corporate entities, whom the FLSA plaintiff alleged to be a "single enterprise" and joint employer along with the entity that actually employed her. The court observed that the plaintiff's Third Amended Complaint did not allege facts to satisfy the applicable joint-employment standard. Specifically, the court found the absence of any allegations that: the plaintiff was employed by any defendant other than her actual employer; any other corporate defendant was involved in hiring her or supervised her or exercised control over her schedule or the conditions of her employment; any other corporate defendant determined how she would be paid or whether she would receive overtime compensation; and any other defendant played an active role in maintaining the plaintiff's employment records. Accordingly, the court found no basis for finding an employer-employee relationship between the plaintiff and any of the defendants other than the hospital which actually employed the plaintiff. "Absent such a relationship, there is no allegation that plaintiff's injuries are fairly traceable to those defendants, nor is there any allegation that a favorable decision against those defendants would redress her alleged injuries," and therefore, the court found no subject-matter jurisdiction and granted the motion to dismiss as to all such defendants. *Cavallaro*, 2013 WL 360405, at *5-7.

Similarly, the *Adams* court dismissed U.S. Airways as a joint defendant, finding that, just as in the case at bar, the *Adams* plaintiffs employed conclusory pleadings in their attempts to bootstrap U.S. Airways into joint employer status along with their actual employer, "Skycap Services, LLC." *Adams,* 2011 WL 644089 at **2-3. The *Adams* Court held that "*each of*

13

*[Plaintiffs'] allegations employs the collective 'Defendants' which is defined to include the alleged joint employer U.S. Airways and the unserved Defendant Independent Skycap Services, LLC. Accordingly, these allegations are of little use for the purpose of determining whether U.S. Airways is a joint employer." Id.*, at *2 (emphasis added).  Accordingly, the court held that, under "*Iqbal*'s requirements . . . [t]he Complaint's conclusory allegations do not demonstrate the plausibility of a claim that U.S. Airways is a joint employer." *Id.*, at *3.

Like the plaintiffs in *Cavallaro, Adams, Lucas, Adams*, *Diaz*, and *Lepkowski*, the Plaintiffs in this action have failed completely to allege that they were employed by any entity other than Guapos III, let alone sufficiently plead the elements of a joint-employment or any other valid theory imposing joint and several liability under the FLSA and the MWHL among Guapos III and the Movants.  As such, Plaintiffs failed to state a claim upon which relief can be granted, and the Movants must be dismissed from this action.

## IV.     CONCLUSION

Under well-established standards for pleading and establishing standing, Plaintiffs have failed to establish subject-matter jurisdiction and to state a claim upon which relief can be granted as to the Movants, and, for this reason, Defendants Hector Rincon, Hector Rincon, Jr., Guapo's Bethesda, Inc., Guapo's Restaurant, Inc., Guapo's of Fair Lakes, Inc., and Guapos of Virginia, Inc. must be dismissed from the instant suit, with prejudice.

WHEREFORE, in consideration of the foregoing, Defendants Hector Rincon, Hector Rincon, Jr., Guapo's Bethesda, Inc., Guapo's Restaurant, Inc., Guapo's of Fair Lakes, Inc., and Guapos of Virginia, Inc. move this Court to dismiss with prejudice Counts I through III of the Second Amended Complaint as to Hector Rincon, Hector Rincon, Jr., Guapo's Bethesda, Inc.,

Guapo's Restaurant, Inc., Guapo's of Fair Lakes, Inc., and Guapos of Virginia, Inc., and to grant them such other and further relief as deemed just and appropriate.

Respectfully submitted,

/s/ Craig J. Franco
Craig J. Franco, Esq.
MD Federal Bar No. 16248
Timothy M. McConville (admitted *pro hac vice*)
Hans P. Riede (admitted *pro hac vice*)
ODIN FELDMAN & PITTLEMAN, PC
1775 Wiehle Ave., Suite 400
Reston, Virginia 20190
Tel: (703) 218-2302
Fax: (703) 218-2160
craig.franco@ofplaw.com
*Counsel for Defendants Guapos III, Inc., Hector Rincon, Hector Rincon, Jr., Fidel Rincon, Guapo's Bethesda, Inc.,Guapo's Restaurant, Inc., Guapo's of Fair Lakes, Inc., and Guapos of Virginia, Inc.*

## CERTIFICATE OF SERVICE

I certify that on March 11, 2013, a copy of the forgoing was served by electronically filing a copy with the clerk of the court using the ECF filing system, which will automatically notify all registered counsel of record.

/s/ Craig J. Franco
Craig J. Franco, Esq.
MD Federal Bar No. 16248
ODIN FELDMAN & PITTLEMAN, PC
1775 Wiehle Ave., Suite 400
Reston, Virginia 20190
Tel: (703) 218-2302
Fax: (703) 218-2160
craig.franco@ofplaw.com
*Counsel for Defendants Guapos III, Inc., Hector Rincon, Hector Rincon, Jr., Fidel Rincon, Guapo's Bethesda, Inc., Guapo's Restaurant, Inc., Guapo's of Fair Lakes, Inc., and Guapos of Virginia, Inc.*

#1945901v2